PEOPLE v BYRD

Docket No. 160889. Submitted August 2, 1994, at Lansing. Decided
November 22, 1994, at 9:05 A.M.

Annette S. Byrd pleaded guilty in the Lenawee Circuit Court,
Harvey A. Koselka, J., of delivery of marijuana after she sold
marijuana to an undercover police officer at the direction of her
estranged husband, who acted as a confidential police agent.
The defendant appealed, claiming that the trial court, in deny-
ing a motion to quash the information based on entrapment,
should not have allowed the prosecution to raise the marital
communication privilege on behalf of the defendant's husband
to prevent testimony by the defendant about communications
with her husband that would support her claim of entrapment.
The defendant appealed.

The Court of Appeals *held:*

1. The marital communication privilege, MCL 600.2162; MSA
27A.2162, bars one spouse from testifying about confidential
communications made by one to the other during the marriage
without the consent of the other. A claim of confidential
communication may be rebutted with a showing that the
communication concerned business matters transacted by one
spouse as agent for the other. In this case, the trial court erred
in ruling that the communications between the defendant and
her husband were subject to the marital communication privi-
lege because it could be inferred that the defendant had acted
as her husband's agent in a business matter and that the
defendant and her husband had not intended the communica-
tions between them to be confidential inasmuch as they had
revealed the substance of those communications to other peo-
ple.

2. Testimony about out-of-court statements by the defendant's

REFERENCES

Am Jur 2d, Witnesses §§ 296-298, 311, 313, 336.

Conversations between husband and wife relating to property or
business as within rule excluding private communications be-
tween them. 4 ALR2d 835.

Communications between spouses as to joint participation in crime
as within privilege of interspousal communications. 62 ALR4th
1134.

husband to the defendant would not be precluded by the hearsay rule because those statements would be offered to establish inducement to act criminally, not to establish the truth of the statements.

Reversed and remanded for a new hearing on the motion to quash.

WITNESSES — HUSBAND AND WIFE — COMMUNICATION PRIVILEGE — CONFIDENTIALITY.

The marital communication privilege bars one spouse from testifying, without the consent of the other, about confidential communications made by one to the other during the marriage; a claim of confidential communication may be rebutted, however, by showing, among other things, that the communication concerned business matters transacted by one spouse as agent for the other (MCL 600.2162; MSA 27A.2162).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Irving C. Shaw,* Prosecuting Attorney, and *Jonathan L. Poer,* Assistant Prosecuting Attorney, for the people.

*Graham A. Teague,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH and M. J. SHAMO,* JJ.

PER CURIAM. Defendant pleaded guilty to one count of delivery of marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), and was placed on five years' probation. Before her arraignment, defendant moved to quash the information on the basis of entrapment, alleging that her estranged husband caused her to commit the crime while he was acting as a confidential police agent. The trial court denied the motion, finding that the marital communication privilege prohibited defendant from testifying about what her husband had said to her in confidence regarding the crime. MCL

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

600.2162; MSA 27A.2162. Defendant entered her plea while reserving her right to appeal the trial court's denial of the motion to quash. We reverse defendant's conviction and remand for a new hearing on defendant's motion to quash the information.

According to defendant's motion, her estranged husband called her on the telephone several times, saying that he needed to supply marijuana to another dealer. When she refused, he persisted in calling, saying that he was in danger because he had taken money from another supplier and was unable to deliver the marijuana. He also threatened to harm her, and then cajoled her by saying that he would not contest their divorce and that he would return property that belonged to her. Defendant finally relented and sold marijuana to an undercover officer, who was sent by her husband in his place. Consistent with what defendant's husband had said to defendant, the officer said that her husband had "ripped him off" on several drug deals.

Defendant further alleged that her husband kept calling until she, once again, relented and sold marijuana to the officer. After the second sale, the officer contacted defendant numerous times to arrange another transaction, but defendant refused.

These events occurred at the end of July and the beginning of August 1992. The motion to quash pointed out that defendant's husband had been charged with a controlled substance violation on July 10, 1992, and alleged that he was under pressure to provide law enforcement with a dealer. The charge was dismissed in August 1992.

At the entrapment hearing, defendant's husband invoked the marital communication privilege through the prosecutor, who argued that the con-

tent of the conversations between defendant and her husband constituted confidential communications that could not be admitted into evidence through defendant's testimony. The trial court agreed. Because defendant could not present an account of those conversations to bolster her claim of entrapment, the trial court denied her motion to quash the information.

We believe the trial court's decision to exclude the testimony regarding the conversations was erroneous. At issue is the marital communication privilege, which "bars one spouse from testifying 'as to any communications made by one to the other during the marriage' without the consent of the other." *People v Vermeulen,* 432 Mich 32, 35; 438 NW2d 36 (1989), quoting MCL 600.2162; MSA 27A.2162.[1] While the trial court correctly noted that there are no exceptions to the marital communication privilege, it ignored the requirement that the communication be confidential. *Id.* at 39. The nature and circumstances of the communication may be considered in determining whether a communication is confidential. *Id.* However, the nature or status of the marital relationship is not a consideration. *Id.* A party may rebut a claim of confidential communication by showing, among other things, that the communication concerned " 'business matters transacted by one spouse as agent for the other.' " *People v Hamacher,* 432 Mich 157, 166; 438 NW2d 43 (1989), quoting McCormick, Evidence (3d ed), § 80, p 193.

Defendant alleged that her estranged husband called her repeatedly, pleading and making threats, and thereby induced her to act criminally.

---

[1] Section 2162 also establishes the spousal privilege, which is not at issue here. The spousal privilege bars one spouse from testifying against the other without the other's consent, with certain exceptions. The barred testimony may concern any matter, whether it occurred within the marriage or without, as long as the parties are still married. *Vermeulen, supra* at 35, n 3.

Then, the undercover officer came to defendant's house, posing as the buyer whom the husband feared, and obtained the marijuana pursuant to the husband's prearrangement. Accepting defendant's allegations as true, it is reasonable to infer that defendant acted as an agent for her husband.

Moreover, it is equally reasonable to infer that the conversations between defendant and her husband were not intended by either party to be confidential. The sequence of events leading up to the first sale of marijuana makes it probable that defendant revealed to the officer at least some portions of the conversations with her husband, for example, the fact that she had spoken with her husband, that she knew the officer was coming, and that her husband told her what to arrange. It is even more likely that defendant's husband revealed portions of the conversation to the officer, because the officer was aware of his role as the buyer whom the husband had repeatedly "ripped off."

Because the marital communications in this case were not confidential, the trial court erred in excluding defendant's testimony on the basis of the marital communication privilege.

The rule against hearsay is also insufficient to justify exclusion because the statements of defendant's husband were not introduced to prove the truth of the matters asserted in them. The issue at the hearing on defendant's motion to quash the information was whether defendant was induced to act criminally by her husband's statements and whether such inducement constituted entrapment. The truth or falsity of the statements was irrelevant. Accordingly, the statements did not constitute hearsay under MRE 801(c).

Reversed and remanded for a new hearing on defendant's motion to quash the indictment.